IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COTY JAMES MORRISON                                                    PLAINTIFF

       v.                   Civil No. 4:10-cv-04154

CAPTAIN HARTLINE; SGT.
WELCH; OFFICER QUICK;
NURSE WILLIAMS; and
CAPTAIN HINZELMAN                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Coty James Morrison, under the provisions of 42 U.S.C. § 1983. Plaintiff appeals *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is currently before me on the motion for judgment on the pleadings (ECF No. 31) filed by Separate Defendant Nurse Williams. Plaintiff did not file a response to the motion.

**1. Background**

On November 9, 2010 (ECF No. 1), Plaintiff filed a complaint in which he alleged that on September 20th, he was placed in a restraint chair. He also alleged Officer Cole Quick pushed him into a door facing causing injury to his hand. Plaintiff did not state how Captain Hartline, Sergeant Welch, Nurse Williams, or Captain Hinzelman violated his federal constitutional rights. Plaintiff was directed (ECF No. 3) to file an amended complaint. For each Defendant, Plaintiff was directed to set forth his specific factual allegations against those persons and how the acts or omissions of that individual deprived Plaintiff of his constitutional rights.

On November 19, 2010 (ECF No. 5), Plaintiff filed his amended complaint. His statement

of his claims is as follows: "They had run me in the door facing of the shower R&D and messed my hand up and are not trying to get me medical attention." This was insufficient and Plaintiff was again directed (ECF No. 6) to file an amended complaint in which he stated how each of the five individually named Defendants violated his federal constitutional rights. For example, Plaintiff was told if he contended Nurse Williams denied him medical care he should include this statement in his complaint.

Plaintiff filed his second amended complaint on December 3, 2010 (ECF No. 7). He did not list Nurse Williams as a Defendant. However, in the statement of his claims, he alleges he has seen by the nurse but "they" haven't let him see the doctor. He asserts that his hand has been going to sleep and he needs it checked by a professional.

**2. Discussion**

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls

for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

While the allegations of the complaint are not detailed, I cannot say no plausible claim has been stated against Nurse Williams. Although Plaintiff failed to list Nurse Williams as a defendant on the front of the complaint, he does mention the nurse in the body of the complaint. If as is alleged, the "nurse" and others, have denied Plaintiff access to a physician this could constitute deliberate indifference to his serious medical needs. *See e.g., Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010)(deliberate indifference exists if defendant intentional denies access to medical care).

### 3. Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (ECF No. 31) filed by Separate Defendant Nurse Williams be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of January 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE