IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COTY JAMES MORRISON                                                                                    PLAINTIFF

V.                                            CIVIL NO. 4:10-cv-04154

CAPTAIN HARTLINE; SGT.
WELCH; DEALFRED COLQUITT;
NURSE WILLIAMS; and
CAPT. JACK HEINTZLEMAN                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Coty Morrison, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U. S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court are Separate Defendant Nurse Williams' (hereinafter "Nurse Williams") Motion for Summary Judgment (ECF No. 36); and Separate Defendants, Steve Hartline, Johnny Welch, and Jack Heintzleman's (collectively "Separate Defendants"), Motion for Summary Judgment (ECF No. 41). Plaintiff requested the aide of the Court in responding to these Motions. ECF Nos. 46 & 52. The Court propounded two separate questionnaires and Plaintiff returned them both as his respective responses to Nurse Williams and Separate Defendants' Motions for Summary Judgment. ECF Nos. 59 & 60. After considering all of the briefing, the undersigned makes the following Report and Recommendation.

1

I.  **BACKGROUND**

As this case is before the Court on Nurse Williams and Separate Defendants' Motions for Summary Judgment, the Court will assume the facts as alleged by Plaintiff, the non-moving party, are true.  The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas as a pre-trial detainee.  ECF No. 7, p. 4.  Plaintiff alleges his constitutional rights were violated when he was denied medical care for an injury to his right hand.  ECF No. 7, pp. 4-5.  Plaintiff has brought this action against all Separate Defendants and Nurse Williams in their individual capacities only.  ECF No. 7, p. 4.

Specifically, Plaintiff states he was placed in restraints for saying he planned to harm himself and then pushed into a door facing by Officer Colquitt.[1]  ECF No. 7, p. 4-5.  Sergeant Welch was on duty when this event occurred and refused to get Plaintiff medical care.  While Plaintiff has seen by a nurse, "they" did not allow Plaintiff to see a doctor.  Plaintiff's arm is going to sleep and he needs a doctor to exam his hands.  ECF No. 7, p. 5.

Plaintiff wrote grievances regarding this matter to Steve Hartline, Jack Heintzleman, and Sheriff Stovall but nothing was done.  ECF No. 7, p. 5.[2]

II.  **LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine

---

[1] Officer Coquitt is a named a defendant but has not yet been properly served in this matter.

[2] The Court notes it provided Plaintiff the opportunity to elaborate on the facts at issue by amending his Complaint twice.  ECF Nos. 3, 6.  The sparse facts listed here are as they appear in Plaintiff's second Amended Complaint.  ECF No. 7.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-2 (1986), and a fact is material if it affects the outcome of the case, i*d.* at 248.  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson,* 477 U.S. at 256; *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  APPLICABLE LAW

The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard.  *See Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006).  To prevail on an Eighth Amendment claim, Plaintiff must prove that Separate Defendants and Nurse Williams acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that

the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation.  Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

It is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted).  An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.*  Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference.  *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

## IV.  DISCUSSION

Nurse Williams and Separate Defendants argue Plaintiff did not suffer from an objectively serious medical need and he was not denied medical care, and therefore, he has not stated a claim under Section 1983 against any of the Defendants.

The record shows that Plaintiff made a verbal request regarding his hand to Nurse Williams while being booked into MCDC on September 17, 2010.  Plaintiff told Nurse Williams his hand was hurt while in MCDC.  Nurse Williams noted "no swelling, bruising, or redness noted to [right] hand [at] this time."  Nurse Williams also explained to Plaintiff if he wanted to be examined further he must put in a "sick call" request.  ECF No. 37, Ex. A; ECF No. 42, Ex. A.

On October 5, 2010, Plaintiff submitted an Inmate Health Service Request Form stating: "Broke Nuckle(sic) From Guard running me into the door facing in the chair restraint need medical assistance."  The Request Form indicates it was received by Nurse Brown on October 7, 2010.  ECF No. 37, Ex. C; ECF No. 42, Ex. B.  Nurse Brown's notes indicate she examined Plaintiff on October 9, 2010 and observed: "redness to knuckles but no deformity or abnormal findings;" "inmate has full range of motion;" and "inmate able to sign charge slip [without] any difficulty."  Nurse Brown also noted that she placed Plaintiff's name on the doctors list to be assessed and put Plaintiff on 800 milligrams of Ibuprofen twice a day for thirty (30) days.  ECF No. 37, Ex. D; ECF No. 42, Ex. D.  On October 13, 2010, Plaintiff submitted another Inmate Health Service Request stating simply "My Right Hand."  Nurse Crawford received this request on October 13, 2010 and noted Plaintiff was already receiving Ibuprofen for his hand.  ECF No. 42, Ex. C.

In his Responses, Plaintiff states he did not complain to Nurse Williams on September 17, 2010 regarding his hand because it was not injured until September 20, 2010, he was not examined until October 9, 2010, and he was never examined by Nurse Williams.  ECF No. 59, ¶¶ 2-3, 12, 15; ECF No. 60, ¶¶ 2-3, 11.  However, Plaintiff does not dispute that Nurse Williams told him, on September 17, 2010, that he would have to submit a sick call request to be evaluated further.  ECF No. 59, ¶ 4.  Plaintiff also contends he did not wait until October 5, 2010 to complain about the hand injury he received on September 20, 2010.  ECF No. 59, ¶ 6; ECF No. 60, ¶ 3.  Plaintiff does not dispute that Nurse Brown examined him on October 9, 2010 and put him on 800 milligrams of Ibuprofen twice a day for thirty (30) days.  ECF No. 59, ¶ 7; ECF No. 60, ¶¶ 2, 7.  However, Plaintiff does dispute Nurse Brown's findings regarding his hand.  ECF No. 60, ¶ 6.  According to Plaintiff, his "right hand middle knuckle was busted with nerve damage causing [his] hand to go numb" and he was able to sign the charge sheet because he is left handed and it is his right hand that is injured.  ECF No. 59, ¶ 9; ECF No. 60, ¶ 6.  Plaintiff received the Ibuprofen as prescribed.  ECF No. 59, ¶ 8; ECF No. 60, ¶ 7.  Plaintiff was released from MCDC on January 26, 2011 but has never seen a doctor regarding his hand injury.[3]  ECF No. 59, ¶¶ 13-4; ECF No. 60, ¶¶ 12-3.  Plaintiff put in several medical request forms but there was no response until October 9, 2010.  Plaintiff states Nurse Williams "never would examine [his] hand and never tried to give [him] any medical treatment."  ECF No. 59, ¶¶ 15, 17.

Plaintiff also listed, in his Response to Separate Defendants' Motion, the conduct of

---

[3] Through some events not demonstrated in the record Plaintiff was released from MCDC, and is now incarcerated at the Arkansas Department of Corrections-East Arkansas Unit.

6

each of the Separate Defendants he believes violated his constitutional rights. Plaintiff alleges: (1) Steve Hartline failed to respond to any of the grievances Plaintiff wrote; (2) Johnny Welch was "the sergeant on duty and would not tell the nurse so she could examine the damage to [his] hand;" and (3) Jack Heintzleman failed to respond to Plaintiff's grievances. ECF No. 60, ¶ 14.

Plaintiff does not state an injury or medical need in his Amended Complaint. ECF No. 7. However Plaintiff does state, in his Response to Nurse William's Motion, that he suffered a "broke abnormal knuckle with severe nerve damage" (ECF No. 59, ¶ 18) and in his Response to Separate Defendants' Motion, that his "middle knuckle is still bigger than all other ones with nerve damage" (ECF No. 60, ¶ 16). There is no medical evidence in the record to support Plaintiff's claimed injury to his knuckle. To the contrary, the medical evidence on the record, shows that, on October 9, 2010, Plaintiff suffered from "redness to knuckles" with "no deformity or abnormal findings," and Plaintiff had "full range of motion" in his hand. ECF No. 37, Ex. D; ECF No. 42, Ex. D. Plaintiff's bare allegations without supporting summary judgment evidence are insufficient to state an objectively serious medical need. *See e.g., Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir. 1994) (a prisoner's "self-diagnosis alone cannot establish that he does, in fact, suffer from kidney stones" when the "available medical evidence does not support his self-diagnosis."). In the face of the summary judgment evidence presented by Nurse Williams and Separate Defendants, Plaintiff has failed to show a genuine issue of material fact as to whether he suffered from an objectively serious medical need.

Furthermore, Plaintiff does not dispute the fact that he was examined by Nurse Brown and placed on Ibuprofen for pain on October 9, 2010. Essentially, Plaintiff's complaint is not

7

that he was denied medical treatment. Instead, Plaintiff's complaint is only that he disagrees with the diagnoses and treatment he was given, and with the fact he was seen by a nurse rather than a medical doctor.  Mere disagreement with medical treatment decisions is not sufficient to state a claim pursuant to Section 1983.  *See e.g., Meuir v. Greene County Jail Emp.,* 487 F.3d 1115, 1118-9 (8th Cir. 2007); *see also Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992) ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.").  In the face of the evidence presented by Nurse Williams and Separate Defendants, Plaintiff has failed to show a genuine issue of material fact as to whether he was denied medical care.

As the Court finds there are no issues of material fact as to whether Plaintiff suffered from an objectively serious medical need or was denied medical care, it need not address whether Nurse Williams or any of the Separate Defendants' actions were deliberately indifferent.

Accordingly, Plaintiff's claim fails as a matter of law and I recommend that Nurse Williams' and Separate Defendants Motions for Summary Judgment (ECF No. 36 & 41) be **GRANTED**.

V.    **CONCLUSION**

For the reasons stated above, I recommend Nurse Williams' Motion for Summary Judgment (ECF No. 36) and Separate Defendants' Motion for Summary Judgment (ECF No. 41) both be **GRANTED** and Nurse Williams, Steve Hartline, Johnny Welch, and Jack Heintzleman be dismissed from this action.  This leaves for later resolution the claim against Separate Defendant Dealfred Colquitt.

The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **16th day of August 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE