IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COTY JAMES MORRISON                                                                    PLAINTIFF

V.                                        CIVIL NO. 4:10-cv-04154

DEALFRED COLQUITT                                                                     DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Coty Morrison, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

I.      BACKGROUND

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas as a pre-trial detainee. ECF No. 7, p. 4. Plaintiff alleges his constitutional rights were violated when he was denied medical care for an injury to his right hand. ECF No. 7, pp. 4-5. Specifically, Plaintiff states he was placed in restraints for saying he planned to harm himself and then pushed into a door facing by Defendant Colquitt. ECF No. 7, p. 4-5. Sergeant Welch was on duty when this event occurred and refused to get Plaintiff medical care. While Plaintiff was seen by a nurse, "they" did not allow Plaintiff to see a doctor. Plaintiff's arm goes to sleep frequently and he needs to see a doctor. ECF No. 7, p. 5. Plaintiff wrote grievances regarding

1

this matter to Steve Hartline, Jack Heintzleman, and Sheriff Stovall but nothing was done. ECF No. 7, p. 5.

At the summary judgment stage, the Court dismissed Plaintiff's claims against all of the Defendants except for Defendant Dealfred Colquitt. ECF No. 66. Defendant Colquitt was not dismissed at the summary judgment stage due to lack of proper service.

## II.   DISCUSSION

On December 27, 2010, the Court ordered service of the Amended Complaint on Defendant Colquitt at the Miller County Sheriff's Office ("MCSO"). ECF No. 8. The Summons was returned executed and filed on the docket on January 14, 2011. ECF No. 9. On January 19, 2011, an Answer was filed by counsel on behalf of Defendant Colquitt. ECF No. 14. Counsel then filed a Notice of Insufficiency of Service indicating that Defendant Colquitt had not received service of the Amended Complaint because he was no longer employed at the MCSO and provided the Court with Defendant Colquitt's last known address. ECF No. 17.

The Court then, by Order dated May 9, 2011, ordered service on Defendant Colquitt at 2511 East 24th Street, Apt. 35, Texarkana, Arkansas 71854—his last known address. ECF No. 20. While the Court was informed by the United States Marshal Service that service was executed on Defendant Colquitt in May 2011, there is no executed USM 285 Summons filed on the docket sheet in this matter.

On October 17, 2012, the Court ordered Defendant Colquitt to be served again at his last known address—2511 East 24th Street, Apt. 35, Texarkana, Arkansas 71854. ECF No. 67. The summons was returned unexecuted. ECF No. 70. The Marshal noted on the summons

that Defendant Colquitt did not live at this address and there was no valid address found through the Marshall's research efforts. ECF No. 70. Plaintiff has never provided a correct address for service on Defendant Colquitt.

Accordingly, Dealfred Colquitt should be dismissed from this action without prejudice for lack of service. Fed. R. Civ. P. 4(m); *see also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (it is the responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a section 1983 action to provide the court with an address for proper service).

## V.  CONCLUSION

For the reasons stated above, I recommend Defendant Delfred Colquitt be dismissed from this action without prejudice and this case be dismissed.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of March 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE